```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

THEODORE OTIS ROBERTS,         :

     Petitioner,               :

v.                             :     CIVIL ACTION NO. 05-00231-WS-B

GRANT CULLIVER,                :

     Respondent.               :
```

### REPORT AND RECOMMENDATION

Theodore Otis Roberts, a state prisoner currently in the custody of respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Roberts challenges the validity of his 2001 convictions by a jury in the Circuit Court of Mobile County, Alabama, for two charges of First Degree Robbery pursuant to Alabama Code § 13A-8-41(a)(1), for which he received a sentence of life without parole in the state penitentiary. (Doc. 7, Ex. 1, Vol. 1 at 13-15).

This matter is now before the undersigned Magistrate Judge on Roberts' petition, Respondent's answer, briefs, responses, and exhibits filed by the parties, the state court records, and opinions and orders of the state appellate courts. Following a careful review of the petition and record, the undersigned finds that an evidentiary hearing is not warranted on the issues.[1] See

---

[1] Because Roberts filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). "AEDPA expressly limits the

28 U.S.C. § 2254(e)(2).

## FINDINGS OF FACT

On the evening of May 24, 2000, Roberts, using a gun or something represented to be a gun, took money from victims John Saad and Brent Vegliacich. (Doc. 7, Ex. 1, Vol. 2 at 87-92, 123-125). Following the robbery, the victims followed Roberts and were able to view the vehicle in which Roberts was traveling, as well as

---

extent to which hearings are permissible, not merely the extent to which they are required." Kelley v. Secretary for Dep't of Corrs., 377 F.3d 1317, 1337 (11th Cir. 2004). The legal standard for determining when an evidentiary hearing in a habeas corpus case is allowed is articulated in 28 U.S.C. § 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> **(A)** the claim relies on–
>
> **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Roberts has failed to establish that an evidentiary hearing is warranted in this case.

obtain the license plate information. According to the investigator, Detective Jack Bishop, he received detailed descriptions of the vehicle that Roberts drove, as well as the tag number. (Id. at 153). Roberts was subsequently arrested on May 26, 2000. (Id., Ex. 1, Vol. 1 at 1).

Roberts was indicted by the Mobile County Grand Jury on October 13, 2000, and charged with robbery in the first degree as to each of the two victims.² (Doc. 7, Ex. 1, Vol. 1 at 17 and 19 ). During his jury trial, Roberts claimed that he was not guilty, that he had traded his car for a few pieces of crack cocaine on the night in question, and that he did not know the name of the guy with whom he had traded. (Id., Ex. 1, Vol. 2 at 186-187). On June 21, 2001, Roberts was convicted of these charges by a jury in the Circuit Court of Mobile County, Alabama, the Honorable Roderick P. Stout presiding. (Id., Ex. 1, Vol. 1 at Trial Transcript 1).

---

²The first indictment reads as follows: "The Grand Jury of said County charge, that, before the finding of this indictment, Theodore Otis Roberts, whose name is to the Grand Jury otherwise unknown than as stated, did in the course of committing a theft of property to-wit: $330.00 in lawful United States currency, the property of John Saad, use or threaten the imminent use of force against the person of John Saad, with intent to compel acquiescence to the taking of or escaping with the property, while the said Theodore Otis Roberts or another participant was armed or represented to a non-participant that he was armed with a deadly weapon or dangerous instrument, to-wit: a gun, in violation of §13A-8-41(a)(1) of the Code of Alabama, against the peace and dignity of the State of Alabama. A second indictment was also issued, with the only differences being the victim's name and amount of stolen currency. (Doc. 7, Ex. 1, Vol. 1 at 17 and 19).

Roberts was represented at trial by attorney Pete Vallas. (Id., Ex. 1, Vol. 1 at 1).

Following his conviction, Roberts testified at his sentencing hearing that he had in fact committed the robberies, but that he was not mentally well at the time as a result of not properly taking his medication.[3] (Id., Ex. 1, Vol. 3 at 228). Roberts was sentenced on September 14, 2001, under the Habitual Felony Offender Act, to life imprisonment without the possibility of parole.[4] (Id. at 7). Oral notice of appeal was made in open court on the day of Roberts' sentencing. (Id.). Roberts was represented on appeal by attorney W. Gregory Hughes. (Doc. 7, Ex. 5 at 36). On June 21, 2002, the Alabama Court of Criminal Appeals affirmed Roberts' conviction by memorandum opinion. (Doc. 7, Ex. 2). The Alabama Supreme Court denied Roberts' petition for a writ of certiorari on September 13, 2002. (Doc. 7, Ex. 4).

On August 21, 2003, Roberts filed a petition for post-conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. 7, Ex. 10 at 9). Roberts was represented in his Rule 32 proceedings by attorney Al Pennington. (Id.). On April 22, 2004, the trial court denied Roberts' Rule 32

---

[3]The Court notes that during a subsequent sentencing hearing, Roberts testified that he committed the robberies because he was taking medication, as opposed to not taking his medication. (Doc. 7, Ex. 1, Vol. 3 at 244).

[4]Roberts' sentence was enhanced based upon four prior felony convictions. (Doc. 7, Ex. 1, Vol. 1 at 104).

4

petition, following several court hearings, as well as written briefs from the lawyers. (Id. at 12). Roberts gave notice of appeal to the Alabama Court of Criminal Appeals on May 24, 2004, and also requested appointment of counsel. (Id. at 13). On June 2, 2004, attorney Glenn Davidson was appointed to represent Roberts in his appeal of the denial of his Rule 32 petition to the Alabama Court of Criminal Appeals.

While Roberts' appeal of the denial of his Rule 32 petition was pending, on September 20, 2004, he filed, *pro se,* a pleading titled "Petition For Review and Reconsideration of Sentence." (Doc. 7, Ex. 10 at 34). In this pleading, Roberts challenged his sentence of life without the possibility of parole as a habitual offender. The trial court treated this pleading as a second Rule 32 Petition, and held it in abeyance until Roberts' appeal of the denial of his first Rule 32 petition was resolved by the Alabama Court of Criminal Appeals. (Id. at 29).

On October 22, 2004, the Alabama Court of Criminal Appeals affirmed, by memorandum opinion, the judgment of the trial court denying Roberts' Rule 32 petition for post-conviction relief. (Doc. 7, Ex. 6). A Certificate of Judgment was subsequently issued on November 10, 2004. (Doc. 7, Ex. 9). Later, on January 13, 2005, the trial court denied what it considered to be Roberts' second Rule 32 petition. Following an appeal by Roberts of the trial court's ruling on this matter, the Alabama Court of Criminal

5

Appeals, on April 26, 2005, issued an order, dismissing the appeal pursuant to Rule 41 of the Alabama Rules of Appellate Procedure. (Doc. 7, Exs. 11 and 11A).  The Alabama Court of Criminal Appeals found that the trial court had improperly treated Roberts' filing as a second "Rule 32" petition.  The Appeals Court observed that Roberts had "properly filed" a §13A-5-9.1 motion, also referred to as a Kirby motion, see Kirby v. State, 899 So. 2d 968 (Ala. 2004). (Doc. 7, Ex. 10 at 29).  Meanwhile, on April 15, 2005, Roberts filed the instant federal habeas petition with this Court, and set forth three claims in support of his request for habeas relief. (Doc. 1).

## DISCUSSION

As noted supra, Roberts filed the instant habeas petition on April 15, 2005, and set forth the following three claims in support of his request for habeas relief: (1) Roberts' Sixth Amendment right was violated by ineffective assistance of trial counsel with respect to a number of issues; (2) Roberts' Sixth Amendment right was violated by ineffective assistance of appellate counsel with respect to a number of alleged issues; and (3) Roberts' sentence exceeds the maximum as authorized by law.  (Doc. 1 at 13-26).  For the reasons set forth below, the Court finds that Roberts is not entitled to habeas relief on the basis of any of these claims.

    A.    Timeliness

It is Respondent's contention that Roberts failed to file his

federal habeas petition within the one year period of time allowed by 28 U.S.C. § 2244(d)(1). Respondent's timeliness argument hinges upon whether Roberts' last filing in state court, titled "Petition for Review and Reconsideration of Sentence" was a "properly filed" pleading for 28 U.S.C. § 2244(d)(2) tolling purposes.

Despite Roberts' titling of his motion as a petition for review and reconsideration of sentence, the trial court considered it and denied it as a second Rule 32 petition.  On appeal, the Alabama Court of Criminal Appeals dismissed Roberts' appeal and observed that his "petition [was], in substance, a § 13A-5-9.1 motion and was properly filed in Mobile County Circuit Court, the county of appellant's conviction and the judge who ruled on the petition, Judge Roderick P. Stout, was the judge who sentenced the appellant." (Doc. 7, Ex. 11A).  The appeals court further observed that "[t]he record, however, shows that the circuit court docketed and treated the petition as a Rule 32, Ala. R. Crim. P., petition instead of a continuation of the case as the Alabama Supreme Court directed in Kirby v. State, [Ms. 1030128, August 27, 2004] ___ So. 2d ___ (Ala. 2004)." (Id.).

To toll the one year time limitation for filing a federal habeas petition, a motion or application must be "properly filed." A motion is considered "properly filed" pursuant to 28 U.S.C. § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" -rules such as

"the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000). "[I]n common usage, the question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." Id. at 9, 121 S. Ct. at 364. "[P]roper filing is usually a matter of meeting basic, formal filing requirements." Estes v. Chapman, 382 F.3d 1237, 1239 (11th Cir. 2004).

In this case, although the trial court incorrectly treated Roberts' pleading as a second Rule 32 petition, the Alabama Court of Criminal Appeals, in dismissing his appeal of the denial of his petition, observed that Roberts had "properly filed" a §13A-5-9.1 motion, also referred to as a Kirby motion, see Kirby v. State, 899 So. 2d 968 (Ala. 2004). The petition was remanded to the Circuit Court of Mobile County with directions to treat the petition as a §13A-5-9.1 motion. Accordingly, Roberts' filing of the petition, which was titled motion for review and reconsideration of sentence, effectively tolled the limitations period for filing a federal habeas petition. See Chapman, 382 F.3d 1237. Therefore, Roberts' federal habeas petition is timely.

    B.    Exhaustion

Section 2254(b)(1) provides that a prisoner in state custody

shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State." "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A state prisoner's failure to present his claims to the state courts in the proper manner results in a procedural default of those claims. Id., 526 U.S. at 848.

In addressing the proper manner in which a federal claim must be presented to the state court to prevent procedural default, the United States Supreme Court has stated:

> In Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995). The exhaustion doctrine also requires that a petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking

one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.  In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court.  See Ala. R. App. P. 4, 39, 40.

The threshold question here is whether Roberts fully and fairly presented his federal habeas claims to the Alabama courts by invoking one complete round of the State's established appellate review process.  First, with respect to habeas claim 1, Roberts asserts that he was denied effective assistance of counsel prior to and during his trial. (Doc. 1 at 7, 13-21).  Specifically, Roberts claims that his trial counsel failed to sufficiently pursue his mental incompetency defense, and that trial counsel should have requested a jury trial to determine Roberts' competency at the time of the offense, as well as to determine whether he was competent to stand trial.  Also, Roberts claims that trial counsel should have requested a hearing after his mental evaluation report was completed, and that trial counsel should have investigated and presented documents and witnesses to bolster Roberts' claim of mental illness.  According to Roberts, his trial counsel was also ineffective for not objecting to the trial court's alleged failure to properly qualify the jury venire. (Id.).

Additionally, Roberts contends that his trial counsel was constitutionally ineffective for failing to object to the trial court's granting the State's challenge for cause to potential juror number 25 and for failing to object to the admissibility of the phone statement between Roberts and Detective Bishop, as Roberts deems that statement hearsay and, in his opinion, inadmissible. Roberts also alleges that his trial counsel failed to properly object to the State's use of prior felony convictions to enhance his sentence where the prior convictions failed to show that Roberts was represented by counsel. Finally, Roberts asserts that his trial counsel failed to properly object that his out of state conviction was not properly authenticated, and failed to advise him of an alleged plea offer made by the State.[5] (Doc. 9 at 13-21).

With respect to claim 2, Roberts contends that he was denied effective assistance of appellate counsel. Specifically, Roberts contends that appellate counsel Hughes failed to raise for review the denial of Roberts' motion to suppress the in-court identification, which Roberts contends was unnecessarily suggestive and improper. Roberts also claims that appellate counsel Hughes

---

[5]The Court notes that Roberts did not actually raise the specific claim of ineffective assistance of counsel as related to the alleged plea agreement in his federal habeas petition. However, since Roberts did raise the general claim of ineffective assistance of counsel, and since respondent addressed the specific claim, the Court will consider the claim related to the alleged plea agreement as having been raised. However, as with each of Roberts' other claims, this claim has not been properly exhausted and is barred from this Court's review.

11

failed to raise for review Roberts' objection to the trial court's failure to charge the jury on the lesser included offense of Robbery 2nd degree. (Doc. 1 at 22-25). In claim 3, Roberts contends that his sentence exceeds the maximum allowed by law. (Doc. 1 at 26-27).

The record reflects that Roberts initially presented each of the above-referenced claims in his Rule 32 petition and proceeding, during which time he was represented by counsel. During one of the Rule 32 evidentiary hearings, Roberts, through his attorney, Al Pennington, withdrew his ineffective assistance of appellate counsel claims. (Doc. 7, Ex. 5, December 10, 2003 Rule 32 Proceeding Transcript at 3-4). Further, following the trial court's denial of Roberts' Rule 32 petition, Roberts was represented on appeal by attorney Glenn Davidson. During this appeal, Roberts, through attorney Davidson, abandoned all but one ineffective assistance of counsel claim, as well as his claim that his sentence was unconstitutional. (Doc. 7, Ex. 8). In the Alabama Court of Criminal Appeals opinion denying Roberts relief from the denial of his Rule 32 petition, the Court explains the following in a footnote:

> At the evidentiary hearing on Roberts' Rule 32 petition, Roberts, through appointed counsel, withdrew his ineffective-assistance-of-appellate-counsel claim. On appeal, Roberts does not argue the remaining grounds of ineffective-assistance-of-trial-counsel, nor does he raise the claim that his sentence was improper due to alleged shortcomings in

> the State's proof of his prior convictions for HFOA-enhancement purposes; therefore, those claims are deemed to be abandoned. <u>See</u>, e.g., <u>Brownlee v. State</u>, 666 So. 2d 91, 93 (Ala. Crim. App. 1995) ("We will not review issues not listed and argued in brief.").

(Doc. 7, Ex. 6 at Footnote 2).  A careful review of the record reveals that Roberts only appealed the issue of ineffective assistance of counsel as it related to the alleged plea agreement. That issue concerned whether Roberts was denied effective assistance of counsel because his trial counsel allegedly failed to inform him of a plea agreement offered by the State, as well as an allegation that his trial counsel was not aware of the number of prior felony convictions Roberts had prior to trial, thus depriving him of the effective assistance of counsel.  While Roberts did appeal the trial court's denial of this claim in his Rule 32 proceedings, this claim was deemed abandoned when he failed to request rehearing and petition the Supreme Court of Alabama following the decision of the Alabama Court of Criminal Appeals. <u>See</u> <u>Smith v. Jones</u>, 256 F.3d 1135 (11th Cir. 2001).  Thus, it appears that Roberts has failed to exhaust each of his federal habeas claims, and any attempt by Roberts to raise them now in the state court would be futile.  <u>See</u> <u>Ala. R. Crim. Proc.</u> 32.2(b) (barring a second or successive petition on any ground that was known at the time that the first petition was heard).  Therefore, each of Roberts' habeas claims  are procedurally defaulted.

Where a petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief unless either the cause and prejudice exception or the fundamental miscarriage of justice exception is established. Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) (citing O'Sullivan, 526 U.S. at 848-49 and Coleman v. Thompson, 501 U.S. 722, 750 (1991)). See also Gates v. Zant, 863 F.2d 1492, 1500 (11th Cir. 1989) ("A defendant who is procedurally barred from raising a federal constitutional claim in state court is also barred from raising the claim in a federal habeas petition unless he can show cause for and actual prejudice from making the default."); Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) ("If a state prisoner fails to raise a claim in state court, or attempts to raise a claim in an improper manner, and state procedural rules preclude the state courts from hearing the merits of the claim, then the federal habeas court is also precluded from hearing its merits, absent a showing of cause and prejudice.").

"Cause" for a procedural default exists if "the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," or that the procedural default was the result of ineffective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish "prejudice," the petitioner additionally must

14

show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original). In the absence of a showing of cause and prejudice, the Court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." Smith v. Murray, 477 U.S. 527, 537-38 (1986).

The record reflects that Roberts was represented by attorney Al Pennington during his Rule 32 proceedings, and then by Glenn Davidson on appeal from the denial of his Rule 32 petition. In an attempt to demonstrate cause, Roberts denies that he actually made a knowing and voluntary waiver of any claims at his Rule 32 hearing. (Doc. 9 at 4-6). Roberts further claims that, although he requested to see attorney Davidson's brief appealing the denial of his Rule 32 petition, attorney Davidson did not send him a copy of said brief. Moreover, Roberts contends that attorney Davidson failed to seek an application for rehearing following the decision of the Alabama Court of Criminal appeals affirming the trial court's denial of his Rule 32 petition. (Id.).

However, "[w]hile constitutionally ineffective assistance of counsel has been considered cause to excuse a procedural default that occurs at a stage in the proceedings in which the defendant

15

enjoys a Sixth Amendment right to the effective assistance of counsel, there is no constitutional right to an attorney in state post-conviction proceedings." Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (citing Coleman, 501 U.S. 722, 752 (1991)). "Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Id. "Congress codified this rule by enacting §2254(i), which provides that '[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.'" Id. Therefore, any ineffectiveness of Roberts' Rule 32 counsel, namely Pennington and Davidson, cannot be considered cause for purposes of excusing the procedural default that occurred at the state collateral post-conviction level. Id. Moreover, Roberts' claim that he did not willingly waive or abandon any claims is unsupported and unavailing.

Accordingly, Roberts has failed to establish cause for his procedural default of each of his habeas claims, as that term is defined by law, and has failed to establish that a denial of review constitutes a fundamental miscarriage of justice. Therefore, review of Roberts' habeas claims is barred in this Court, and all claims are due to be dismissed.

## CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Roberts' rights were not violated and that his request for habeas corpus relief should be denied.  It is so recommended.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **8th** day of **May, 2008.**

                                                   **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)( c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                   /S/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**