```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

THEODORE OTIS ROBERTS,        :

     Petitioner,              :

v.                            :    CIVIL ACTION NO. 05-00231-WS-B

GRANTT CULLIVER,              :

     Respondent.              :
```

## REPORT AND RECOMMENDATION

This action, which is before the Court on Petitioner Theodore Otis Roberts' Notice of Appeal and Request for Issuance of a Certificate of Appealability (Doc. 15), has been referred to the undersigned for the issuance of a report and recommendation. Based upon a thorough review of Petitioner's Notice and Request, and the case file, the undersigned recommends that Roberts' request for a Certificate of Appealability (hereinafter "COA") be denied.

Roberts filed the instant habeas action challenging the validity of his 2001 convictions by a jury in the Circuit Court of Mobile County, Alabama. Roberts was convicted of two counts of First Degree Robbery pursuant to Alabama Code § 13A-8-41(a)(1), and received a sentence of life without parole in the state penitentiary. (Doc. 7, Ex. 1, Vol. 1 at 13-15). On May 9, 2005, the undersigned Magistrate Judge issued a Report and Recommendation finding that Roberts claims were procedurally defaulted because he failed to exhaust them in the state courts, and that he failed to

establish cause and prejudice for his procedural default. (Doc. 11). Roberts filed an Objection (Doc. 12) to the Report and Recommendation. His Objection was overruled by U.S. District Judge William Steele, his petition was denied, and judgment was entered against him. (Docs. 13, 14). Roberts filed the instant Notice of appeal and Request for Certificate of Appealibility on June 5, 2008.

Roberts' appeal is governed by 28 U.S.C. § 2253(c)(1)(A), which provides in pertinent part that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State Court." Id.; see also, Fisher v. Jones, 2007 U.S. Dist LEXIS 31006 (S.D. Ala. April 25, 2007). Thus, a COA is ordinarily a jurisdictional prerequisite to an appeal in a habeas corpus proceeding for relief from detention originating in state court process. See, e.g., Medberry v. Crosby, 351 F.3d 1049, 1063 (11th Cir. 2003). "The certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the system of a full appellate examination." Gonzalez v. Sec'y for the Dep't of Corr., 366 F.3d 1253, 1264 (11th Cir. 2004); United States v. Westry, 2007 U.S. Dist. LEXIS 92510 (S.D. Ala. Dec. 14, 2007).

A COA is required for an appeal by a state prisoner in any action brought under either 28 U.S.C. § 2241 or § 2254, inasmuch as the detention complained of arises out of process issued by a state court regardless of which statute is invoked.  See Medberry, 351 F.3d at 1063 n.9.

It is well established that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Hardwick v. Singletary, 126 F. 3d 1312, 1313 (11th Cir. 1997).  The Supreme Court has observed in the context of a COA, that § 2253's "substantial showing" requirement means that a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed. 2d 542 (2000).

Where a district court denies a habeas petition on procedural grounds distinct from the merits of the underlying claims, "a COA should issue only if the petitioner shows 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Lawrence v. Florida, 421 F.3d 1221, 1225 (11th Cir. 2005). In that instance, both showings must be made

before the appeal may be entertained.  <u>Id.</u>

In this case, Roberts argued, in his habeas petition, that his 1) Sixth Amendment right was violated by ineffective assistance of trial counsel with respect to a number of issues; 2) his Sixth Amendment right was violated by ineffective assistance of appellate counsel with respect to a number of alleged issues; and 3) his sentence exceeds the maximum as authorized by law.  (Doc. 1 at 13-26). The undersigned found that while Roberts raised these claims in his Rule 32 petition, they were procedurally defaulted because they were either abandoned on appeal or not taken before the state's highest Court.  In his COA request, Roberts does not contend that he exhausted these claims, but instead contends that the omission should be forgiven because the state appointed him counsel who failed to properly pursue these claims to the state's highest court. (Doc. 15).  Roberts further asserts that there can be no procedural bar of his claim alleging that his counsel was ineffective for failing to investigate and present evidence of his mental illness.

Roberts' unsupported assertions are not sufficient to establish "cause and prejudice" for the procedural default. "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" <u>Coleman v. Thompson</u>, 501 U.S. 722, 753,

111 S.Ct. 2546, 2566-67, 115 L.Ed. 2d 640 (1991). While the Eleventh Circuit has found, in the context of equitable tolling, that serious attorney misconduct can constitute "extraordinary circumstances" sufficient to warrant equitable tolling, see Downs v. McNeil, 520 F.3d 1311, 1322 (11th Cir. 2008), the instant case involves neither equitable tolling nor evidence of serious attorney misconduct.

In the absence of a showing of "cause and prejudice," the Court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." Smith v. Murray, 477 U.S. 527, 537-38 (1986). Roberts has not asserted his innocence, nor has he proffered any probative facts in support of his assertion that he was entitled to a competency hearing. Accordingly, based upon a careful review of Roberts' COA request, and the case file, the undersigned finds that reasonable jurists could not debate whether Roberts' petition should have been resolved in a different manner. Thus, the undersigned recommends that Roberts' request for a COA be denied.

## CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Roberts' request for a COA should be denied. It is so recommended.

The attached sheet contains important information regarding

5

objections to the report and recommendation of the Magistrate Judge.

    **DONE** this **27th** day of **June, 2008**.

                                                **/S/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different

7

disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.